UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

BRIAN KEITH SCHWAB,

                Plaintiff,

Case No. 1:20-cv-290

Honorable Janet T. Neff

v.

COUNTY OF KENT et al.,

                Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND MOTION TO COMPEL

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. In an opinion and order (ECF Nos. 10, 11) issued on April 24, 2020, the Court, pursuant to Fed. R. Civ. P. 21, dropped as misjoined 13 of the 16 Defendants and dismissed Plaintiff's claims against them without prejudice. In the same opinion and order, the Court reviewed the complaint against the remaining three Defendants under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c). The Court dismissed for failure to state a claim all but one claim against remaining Defendants Kent County, Kent County Sheriff, and Steele.

Plaintiff has filed an interlocutory appeal, and he seeks leave to proceed *in forma pauperis* on appeal. Plaintiff's interlocutory appeal is not proper under 28 U.S.C. § 1292(a). As a consequence, the Court concludes that his appeal is frivolous. It therefore certifies that Plaintiff's appeal would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962) (holding that "'good faith' in the [§ 1915(a)] context must be judged by an objective standard [and that] a defendant's good faith in this type of case [is] demonstrated when he seeks appellate review

of any issue not frivolous"). Because of that certification, Plaintiff is not eligible to proceed on appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[1]

Also pending is Plaintiff's motion to compel (ECF No. 17). In his motion, Plaintiff seeks an order providing three types of relief: (1) requiring Defendants to notarize any and all legal documents Plaintiff wishes to produce; (2) requiring Defendants to produce certified copies of his prisoner trust account statement for the last six months, so that he may prove his indigency on appeal; and (3) requiring Defendants to provide immediate access to the law library to conduct research on legal issues related to his unspecified prior convictions.

To the extent that Plaintiff seeks notarization of all of his sworn documents, his motion will be denied. Under 28 U.S.C. § 1746, notarized documents are not mandated in federal court. Requirements for such notarized statements "may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the [same] form . . ." set forth under the statute. *Id.* Moreover, Plaintiff utterly fails to allege any other proceeding in which he requires a notarized statement. For both reasons, Plaintiff's motion will be denied with respect to his request for a notary.

To the extent that Plaintiff seeks an order requiring Defendants to provide him a certified copy of his prisoner trust account statement for purposes of supporting his pending application for leave to proceed *in forma pauperis* on appeal, his motion is moot. Because the Court has certified that Plaintiff's interlocutory appeal is frivolous and not in good faith, he is not entitled to proceed on appeal *in forma pauperis*, regardless of whether he can prove his indigency.

---

[1] The Court notes that, to the extent that Plaintiff challenges any of the claims the Court dismissed on grounds of misjoinder, the dismissal of those claims was without prejudice. An appeal of the dismissal, therefore, will not provide any relief not available to Plaintiff at this time. As the Court observed in its opinion, Plaintiff may refile any of the misjoined claims in a new action, though he must continue to observe the misjoinder rule in any future filings.

Finally, to the extent that Plaintiff seeks immediate access to the law library, the Court construes the motion as one seeking preliminary injunctive relief. Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *National Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009 (same). "But even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the

3

circumstances. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). While the Court previously concluded that Plaintiff's allegations—that he previously was denied library access and thereby denied access to the courts to pursue postconviction relief on his prior convictions—were sufficient to state a claim, Plaintiff's allegations are not sufficient to support a determination of a substantial likelihood of success on a claim that he presently is being denied access to the courts. Indeed, in his motion, Plaintiff fails to identify what actual injury he may suffer from not receiving access to the library at this time. In his complaint, Plaintiff indicated that he filed motions for relief from judgment in four prior criminal cases, all of which were denied nine to fourteen months ago, ostensibly because Plaintiff lacked access to the library to prepare his motions. (Compl., ECF No. 1, PageID.30.) Plaintiff makes no allegations about an actual injury caused by any current denial of access to the library. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Court therefore concludes that Plaintiff has not made a substantial showing of a violation of any of his constitutional rights that would support the issuance of a preliminary injunction.

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Plaintiff has provided no evidence that Defendants are currently refusing to allow him to access the law library to pursue any nonfrivolous motion for postconviction relief. He therefore fails to show that he faces irreparable harm.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Therefore, to the extent that Plaintiff's motion seeks preliminary injunctive relief, it will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion leave to proceed *in forma pauperis* on appeal (ECF No. 14) is **DENIED**, and, within twenty-eight (28) days from the date of entry of this order, Plaintiff shall pay the entire filing fee for appealing a civil action, which is $505.00, to the Clerk of this Court. Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals for want of prosecution.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 17) is **DENIED**.

Dated:   June 24, 2020                                    /s/ Janet T. Neff
                                                          Janet T. Neff
                                                          United States District Judge

**SEND REMITTANCES TO**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

5