UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH SCHWAB,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:20-cv-290

KENT COUNTY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner now incarcerated with the Michigan Department of Corrections, filed a complaint against Kent County and numerous other parties alleging federal law claims pursuant to 42 U.S.C. § 1983 and state law claims based on events that occurred while Plaintiff was housed at the Kent County Correctional Facility as a pretrial detainee. Following dismissal of Plaintiff's misjoined claims and initial screening as required by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Plaintiff's sole remaining claim is his First Amendment denial of access to the courts claim against Defendants Steel, the Kent County Sheriff and Kent County based on the County's policy for use of the jail law library, as enforced by the Sheriff and applied by Defendant Steele. In particular, Plaintiff claims that the County's library usage policy failed to provide him access to the law library in connection with his collateral attacks on his prior convictions.

Defendants move for summary judgment, arguing that Plaintiff was not denied access to the courts because the state courts fully considered his motions on the merits. (ECF No. 39.) Plaintiff has responded to the motion (ECF No. 48), and Defendants have replied (ECF No. 51).

Plaintiff has also filed a sur-reply, which is not authorized under Western District of Michigan Local Civil Rule 7.2(c) without leave of court. Accordingly, I will disregard Plaintiff's unauthorized sur-reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' Motion for Summary Judgment be **GRANTED**.

## I. Background

Plaintiff was convicted of criminal offenses in three prior cases in Kent County Circuit Court, Case Nos. 02-11448-FH, 10-05468-FH and 15-06139-FH. In his complaint, Plaintiff alleged that he filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 in Case No. 02-11448-FH, which was denied on June 5, 2019. Plaintiff alleged that he filed "a motion" in Case No. 15-06139-FH, which was denied on May 28, 2019. Plaintiff also alleges that he filed "a motion" in Case No. 10-05468-FH, which was denied on May 13, 2019, and he filed a motion for relief from judgment, which the trial court denied, and which Plaintiff was appealing to the Michigan Court of Appeals. (ECF No. 1 at PageID.30.) Plaintiff alleged that none of these motions would have been denied if he had access to the jail law library. (*Id.*)

### A. Case No. 02-11448-FH

On November 18, 2002, in Case No. 02-11448-FH, Plaintiff pled guilty to larceny in a building, in violation of Mich. Comp. Laws. § 750.360. (ECF No. 40-1.) Plaintiff was sentenced to a minimum term of imprisonment of 11 months and a maximum term of 72 months. Plaintiff was advised of his right to appeal (ECF No. 40-2), but he apparently did not appeal the conviction and sentence. On January 15, 2019, Plaintiff filed a motion for relief from judgment on standard form CC 257. Plaintiff asked to be sentenced "to the rightful charge of misdemeanor removal of property not own or dismiss" because he lived with his father and his father's girlfriend in the house long before the time he removed the property. (ECF No. 40-3 at PageID.385.) On June 5, 2019, Judge Curt A. Benson denied Plaintiff's motion because Plaintiff failed to show "good

cause" or actual prejudice that would entitle him to the relief he sought. Citing *People v. Jennings*, No. 226317, 2002 WL 342127 (Mich. Ct. App. Feb. 26, 2002), the court concluded that Mich. Comp. Laws § 750.360 contemplated that an individual who resided on the premises—as Plaintiff claimed he did—could nonetheless have violated the statute by stealing from a guest. (*Id.* at PageID.388.)

### B. Case No. 10-05468-FH

On July 14, 2010, Plaintiff pled guilty in Case No. 10-05468-FH to Criminal Sexual Conduct-Second Degree, in violation of Mich. Comp. Laws §§ 750.520 and 769.12. On January 15, 2019, Plaintiff filed a motion for relief from judgment requesting that he be allowed to withdraw his plea because it was invalid. Plaintiff claimed, among other things, he was not informed at the time of his plea or sentence that he would be required to register as a sex offender or that he would be required to wear an electronic monitoring device for life. (ECF No. 40-8 at PageID.399.) On May 1, 2019, Kent County Circuit Court Judge Paul J. Denenfeld issued an order directing the Kent County Prosecutor's office to respond to the motion within 56 days. (ECF No. 40-9.) On September 23, 2019, Judge Denenfeld issued an eight-page order thoroughly addressing the grounds Plaintiff raised in his motion and denying relief. (ECF No. 40-10.) Plaintiff filed an application for leave to appeal with the Michigan Court of Appeals, which denied his application on June 17, 2020. (ECF No. 40-11.) The court of appeals stated:

> The delayed application for leave to appeal is DENIED as defendant has failed to establish that the trial court erred in denying his motion for relief from judgment. Specifically, as to his request to withdraw his guilty plea on the grounds that he was not informed he would be subject to lifetime electronic monitoring, we conclude that because the judgment of sentence does not impose a requirement of lifetime electronic monitoring, defendant is not subject to that requirement. Accordingly, his request to withdraw his plea on this basis is without foundation.

(*Id.*) On July 13, 2020, Plaintiff filed an application for leave to appeal to the Michigan Supreme Court (ECF No. 40-12), which remains pending.

    **C.**    **Case No. 15-06139-FH**

On August 31, 2015, Plaintiff pled guilty to the charge of possession of firearms by a felon, in violation of Mich. Comp. Laws § 750.224F. Plaintiff was sentenced to a term of imprisonment of a minimum of one year and a maximum of five years. (ECF No. 40-5.) On January 2, 2019, Plaintiff filed a motion for modification of fines/court costs/fees. (ECF No. 40-6.) On May 28, 2019, Kent County Circuit Judge Mark Trusock entered an opinion and order denying Plaintiff's motion. (ECF No. 40-7.) There is no indication that Plaintiff filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 in this case.

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.  Discussion

Defendants argue that they are entitled to summary judgment because Plaintiff cannot demonstrate that he was denied access to the courts. Defendants further argue that Plaintiff cannot show that the County's policy relating to use of the law library was the cause of any constitutional deprivation that he may have suffered, that the Sheriff did not personally participate in any unconstitutional conduct, and that Defendant Steel is entitled to qualified immunity.

An inmate has a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 823 (1977); *Knop v. Johnson*, 977 F.2d 996, 1002–03 (6th Cir. 1992). However, this right is not unrestricted and does not mean that prison officials must afford inmates unlimited litigation resources. *See Lewis v. Casey*, 518 U.S. 343, 352–55 (1996). The right of access to the courts has never been equated to unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (noting that the right at issue is access to the courts, not access to law libraries). To establish a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. *Id.* at 351. In other words, a prisoner must allege that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 F. App'x 801, 803 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349–51). A prisoner must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Lewis*, 518 U.S. at 351; *Harbin-Bey*, 420 F.3d at 578. The right of access to the courts extends only to direct appeals in criminal cases, habeas petitions, and civil rights actions filed under 42 U.S.C. § 1983 challenging conditions of confinement. *Id.* at 354.

Turning first to Case No. 02-11448-FH, as an initial matter, Defendants incorrectly assert that a prisoner's right of access to the courts does not extend to a motion for relief from judgment pursuant to Michigan Court Rule 6.500. Both the Sixth Circuit and judges in this district have held that a motion under Rule 6.500 constitutes a collateral attack on a sentence and is this within the purview of an access-to-the-courts claim. *See Brown v. Matauszak*, No. 08-1761, 2009 WL 9070627, at *2 (6th Cir. Jan. 21, 2009) ("Under *Lewis*, a prisoner's right of access to the courts includes collateral attacks, regardless of whether that attack is brought in state or federal court.");

*Jackson v. Caruso*, No. 2:06-cv-04, 2008 WL 828118, at *7, 10 (W.D. Mich. Feb. 12, 2008), *report and recommendation adopted as modified*, 2008 WL 828116 (W.D. Mich. Mar. 26, 2008).

Nonetheless, Plaintiff's claim fails because has not established actual prejudice. The evidence shows that Plaintiff was able to file a motion for relief from judgment raising his claim that his plea to larceny in a building was invalid because he lived in the building in which he committed the theft. Plaintiff's claim fails because he cannot show prejudice to his litigation. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). The court considered Plaintiff's motion on the merits and denied it based on the reasoning in the *Jennings* case, meaning that Plaintiff failed to establish actual prejudice. Although Plaintiff asserts that his motion was denied for failure to satisfy "technical requirements," the record shows otherwise. (ECF No. 48 at PageID.457.) Moreover, Plaintiff's unsupported allegations of prejudice and actual harm do not suffice to defeat summary judgment.

Next, regarding Case No. 10-05468-FH, Defendants have shown that Plaintiff was not hindered from filing his motion for relief from judgment. In fact, he raised several grounds for relief and included case citations. Plaintiff fails to show actual prejudice to his litigation as the trial court considered the grounds he raised in his motion and denied them on the merits in an eight-page order. Plaintiff appealed that decision to the Michigan Court of Appeals and is currently seeking review in the Michigan Supreme Court. Although Plaintiff once again argues that his motion was dismissed for failure to meet technical requirements, the court considered his motion on the merits.

Finally, as for Case No. 15-06139-FH, it is a motion that Plaintiff filed to suspend or waive payment of his court-ordered obligations. It was not a direct appeal of his criminal case, a motion for relief from judgment, a habeas petition, or a civil rights case under 42 U.S.C. § 1983. Thus,

6

that motion cannot support an access-to-the-courts claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc); *see also Carney v. Christiansen*, No. 1:05-CV-252, 2008 WL 268906, at *2 (W.D. Mich. Jan. 29, 2008) ("Because the underlying litigation allegedly impaired by the Defendants was not a direct appeal, habeas corpus application, or a civil rights claim, it is immaterial whether—and to what extent—Defendants impeded Carney's ability to litigate this state claim.").

Because Plaintiff has failed to show that Defendants violated his right of access to the courts in connection with his three criminal cases, the Court need not address Defendants' arguments pertaining to the County's policy, the Sheriff's lack of personal involvement, and qualified immunity. *See Holsapple v. Cunningham*, 817 F. App'x 95, 107 (6th Cir. 2020) ("Having found no constitutional violation committed by Cunningham, the court need not address whether Cunningham possessed qualified immunity, nor whether Bay County is liable as a municipality under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).").

## IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' motion for summary judgment (ECF No. 39) and dismiss Plaintiff's complaint with prejudice.

Dated: March 25, 2021                                         /s/ Sally J. Berens
                                                                                  SALLY J. BERENS
                                                                                   U.S. Magistrate Judge

## **NOTICE TO PARTIES**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).